UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMANTHA HELFRICH,
individually and on behalf of
others similarly situated,

        Plaintiff,

v.                                    Case No.   3:19-cv-778-MMH-MCR

CITY OF JACKSONVILLE, et al.,

        Defendants.

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court <u>sua sponte</u>. Plaintiff Samantha Helfrich initiated this action on June 27, 2019, by filing a three count Complaint for a Declaratory Judgment, Supplemental Relief, and Damages, and Demand for a Jury Trial (Doc. 1; Complaint) against the City of Jacksonville and The Board of Trustees of the General Employees Retirement Plan, City of Jacksonville, Florida, Defined Benefit Pension Plan (collectively, the City).

In the Complaint, Ms. Helfrich invokes the Court's "jurisdiction under 28 U.S.C. § 1332 as there is diversity of citizenship and the amount in controversy exceeds $75,000." Complaint at ¶ 6. Specifically, she asserts that both Defendants are citizens of Florida, <u>see id.</u> ¶¶ 2, 3, and that "Ms. Helfrich is a citizen of Texas, who is currently residing in Australia," <u>id.</u> ¶ 4. Before the

Court are the parties' fully briefed cross motions for summary judgment. See Motion for Partial Summary Judgment (Doc. 19; Helfrich Motion); Defendants' Motion for Summary Judgment (Doc. 21; City Motion). In the Helfrich Motion, Ms. Helfrich seeks entry of summary judgment in her favor on the declaratory judgment claim she asserts in Count I of the Complaint. See generally Helfrich Motion. In the City Motion, despite having fully litigated this action for two years, the City for the first time asserts that the Court does not have subject matter jurisdiction either because the true amount in controversy does not exceed $75,000, see City Motion at 11, or because this action presents no actual case or controversy, see id. at 11-12. Alternatively, the City argues that the Court should enter summary judgment in its favor as to all counts in the Complaint. See id. at 13-23. Before addressing the merits of the parties' respective arguments, the Court must resolve a much more basic question regarding the existence of subject matter jurisdiction over this action – whether there is diversity of citizenship at all.

Federal courts are courts of limited jurisdiction "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Indeed, jurisdiction is the power of the

Court to declare the law. Id. at 410. "When a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." Id. at 409 (internal quotation omitted). Such action offends the "'principles of separation of powers.'" Id. at 410 (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). As such, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss" the action. See Rule 12(h)(3); see also Univ. of S. Ala., 168 F.3d at 410 ("Simply put, once a federal court determines that it is without subject-matter jurisdiction, the court is powerless to continue.").

The jurisdiction of the federal court may be tested facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). In a facial determination, a court assumes the allegations in the complaint are true and determines whether the complaint sufficiently alleges a basis for subject matter jurisdiction. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). On the other hand, in a factual attack the Court determines "the 'existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" Id. (citation omitted). In considering a factual attack on subject-matter jurisdiction, the Court is free to weigh the facts and is not constrained to view them in the light most favorable to the plaintiff. Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009), cert. denied, 130 S.Ct.

3499 (2010). Notably, "'[t]he burden for establishing federal subject-matter jurisdiction rests with the party bringing the claim.'" Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1314 (11th Cir. 2016) (quoting Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)). And the existence of "diversity jurisdiction is measured at the time the action is filed." PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1305 (11th Cir. 2016) (citing Grupo Data Flux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 571 (2004)).

Here, in what may have been an attempt to create diversity jurisdiction, in the Complaint Ms. Helfrich asserts that she is a "citizen of Texas, who is currently residing in Australia." Complaint ¶ 4. However, the record strongly suggests otherwise. Indeed, based on Ms. Helfrich's sworn deposition testimony, it is unclear when she was ever a citizen of Texas. The undisputed record reflects that Ms. Helfrich worked for the City of Jacksonville for about five years. See Deposition of Samantha Helfrich (Doc. 21-3; Helfrich Dep.) at 26, 81-82, Ex. 3. In February of 2012, she notified the City that she was resigning her employment effective February 24, 2012, to move to Melbourne, Australia to be with her partner. Id. at 15-16, Ex. 1. Ms. Helfrich moved to Australia in early 2012, see id. at 16, 44, Ex. 3, and has resided in Australia ever since. Id. at 33. On this issue, Ms. Helfrich specifically stated that she had maintained residency in Australia since 2012. Id. (Q. But since your termination with the City, I take it you've lived in Australia your - - your life

from that moment up - - from - - from 2012 on, you've maintained residency in Australia; is that correct?  A.  Yes.) Id.  Indeed, Ms. Helfrich testified that she lived in Australia and that her residence in Australia was her "permanent residence address."  Id. at 11.  Additionally, when asked if she had any other residence, Ms. Helfrich testified, "I use my father's address in the U.S., that would be [redacted], I think, I'm not quite sure off the top of my head, but that's in San Antonio, Texas."  Id.

This information is significant because "citizens domiciled abroad are neither 'citizens of a State' under § 1332(a) nor 'citizens or subjects of a foreign state' and therefore are not proper parties to a diversity action in federal court." See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011).  As the Eleventh Circuit Court of Appeals recently explained:

> Several rules guide courts in determining parties' citizenship.  First and foremost, a natural person is a citizen of the state in which [she] is "domiciled."  McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  "A person's domicile is the place of '[her] true, fixed, and permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom[.]'"  Id. at 1257-58.  (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).  To put it another way, domicile (or citizenship) consists of two elements: residency in a state and intent to remain in that state.  See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989).  Residency is necessary, but insufficient, to establish citizenship in a state.  Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013).

Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1149 (11th Cir. 2021)

(emphasis added).

While Ms. Helfrich asserted that she was a citizen of Texas, on the record before the Court, it does not appear that Ms. Helfrich was present in Texas in June of 2019 when she filed this action much less that she had a residence there. Nor does the record suggest that even if she was present in Texas, she intended for the state of Texas to be her true, fixed and permanent home. As such, Texas does not appear to have been her domicile in June of 2019, which means that she would not have been a citizen of Texas in June of 2019. Instead, it appears that in June of 2019 Ms. Helfrich was a United States citizen domiciled in Australia rendering her stateless for purposes of diversity jurisdiction. And even if she was not in fact "domiciled" in Australia, it appears that Ms. Helfrich had no domicile in any state of the United States in June of 2019, because her only residence at that time was in Australia. See Ennis v. Smith, 55 U.S. 400 (1852) (noting that to constitute a domicile there must be "actual residence" in addition to an intention for it to be a permanent residence). This too would render her stateless. Indeed, the Eleventh Circuit has unequivocally stated, a "United States citizen with no domicile in any state of this country is 'stateless' and cannot satisfy the complete diversity requirement when she [ ] files an action against a United States citizen." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007) (citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). For all of these

reasons, it appears that this Court does not have subject matter jurisdiction over this action, and it is due to be dismissed without prejudice.[1]

In light of the unambiguous record evidence regarding Ms. Helfrich's domicile at the time she initiated this action in June of 2019, and the Court's obligation not to act in the absence of subject matter jurisdiction, before ruling on the pending motions, the Court will order Ms. Helfrich to show cause why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Any evidence submitted in support of subject matter jurisdiction must be attested to under penalty of perjury and any argument in support must be submitted in accordance with the requirements of Rule 11, Federal Rules of Civil Procedure.

In light of the foregoing, it is

**ORDERED**:

1. The Court **DEFERS** ruling on Plaintiff's Motion for Partial Summary Judgment (Doc. 19) and Defendants' Motion for Summary Judgment (Doc. 21).

---

[1] If despite living in Australia for at least nine years and testifying that her residence in Australia was her permanent residence, Ms. Helfrich contends that she was not domiciled in Australia because she did not intend to remain there, it appears that the Court would still be without subject matter jurisdiction because Ms. Helfrich's last domicile would have been Florida, in which case there would be no diversity of citizenship between the parties.

2. Plaintiff shall have up to and including **September 3, 2021**, to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of August, 2021.

MARCIA MORALES HOWARD
United States District Judge

Copies to:

Counsel of Record